# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL CHRISTIAN PRICE,<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>KAMALA HARRIS,<br><br>　　　　　　　　　　Respondent. | Civil No. 16cv0485-JAH (DHB)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. Although the Court grants Petitioner leave to proceed in forma pauperis, the Petition is subject to dismissal because Petitioner has failed to name a proper Respondent.

**MOTION TO PROCEED IN FORMA PAUPERIS**

Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.

/ / /

## FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Petitioner has incorrectly named "Kamala Harris," the Attorney General of the State of California, as Respondent. The Attorney General of the State of California is not a proper respondent in this action. Rule 2 of the Rules following § 2254 provides that the state officer having custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254. However, "[i]f the petitioner is not yet in custody – but may be

1  subject to future custody – under the state-court judgment being contested, the petition
2  must name as respondents both the officer who has current custody and the attorney
3  general of the state where the judgement was entered." Rule 2 (b), 28 U.S.C. foll. § 2254.
4  Here, there is no basis for Petitioner to have named the Attorney General as a respondent
5  in this action.  In order for this Court to entertain the Petition filed in this action,
6  Petitioner must name the warden in charge of the state correctional facility in which
7  Petitioner is presently confined or the Director of the California Department of
8  Corrections and Rehabilitation. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir.
9  1992) (per curiam).

## CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Petitioner's Motion to proceed in forma pauperis and **DISMISSES** the Petition without prejudice for failure to name a proper Respondent. To have this case reopened, Petitioner must, **no later than April 26, 2016**, file a First Amended Petition which names a proper respondent. The Clerk of Court is directed to mail Petitioner a blank Southern District of California First Amended Petition form together with a copy of this Order.

**IT IS SO ORDERED.**

DATED: March 1, 2016

_____
JOHN A. HOUSTON
United States District Judge

Copies to:   ALL PARTIES