UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL CHRISTIAN PRICE,<br><br>Petitioner,<br><br>v.<br><br>SCOTT KERNAN, Secretary,<br><br>Respondent. | Case No.: 16-cv-485-JAH-DHB<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; DENYING PETITIONER'S MOTION FOR SANCTIONS AS PREMATURE; AND ISSUING ORDER TO SHOW CAUSE WHY RESPONDENT SHOULD NOT BE HELD IN CONTEMPT OF COURT ORDER** |

Immanuel Christian Price ("Petitioner"), a state prisoner proceeding *pro se* and in *forma pauperis*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the Court are Petitioner's Motion for Appointment of Counsel and Motion for Sanctions against Scott Kernan ("Respondent"). [Doc. No. 40]. After a careful review of the pleadings, and for the reasons set forth below, Petitioner's Motion for Appointment of Counsel is **DENIED**, Respondent is **ORDERED TO SHOW CAUSE** as to why he should not be held in contempt for failure to comply with Judge Bartick's May 22, 2017 order, and Petitioner's Motion for Sanctions is **DENIED** as premature.

\\

## I. Motion for Appointment of Counsel

Petitioner requests the Court appoint counsel to assist him in his habeas proceedings. [Doc. No. 40]. The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. See McCleskey v. Zant, 499 U.S. 467, 495 (1991) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further"); Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings).

However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2) (B); Chaney, 801 F.2d at 1196. Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary. See Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986). A court's discretion to appoint counsel may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Petitioner argues that an appointed attorney would help alleviate the discovery issues he has encountered throughout the habeas petition process. See Doc. No. 40, pg. 3. Petitioner specifically alleges that Respondent has shown a "blatant disregard for court orders" and moving forward without counsel would be fundamentally unfair. Id. Additionally Petitioner alleges he suffers from psychological and neurological issues which effect his ability to represent himself. Id. Upon a review of Petitioner's pleadings, the Court finds that Petitioner has a sufficient grasp of his habeas claim and has been able to adequately articulate those claims in his Petition. See LaMere v. Risley, 827 F.2d 622,

626 (9th Cir.1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"). Additionally, the Court finds that Petitioner has not established a likelihood of success on the merits. Under these circumstances, the Court concludes that this habeas proceeding does not present "exceptional circumstances" justifying the appointment of legal counsel. Id. Accordingly, Petitioner's Motion for Appointment of Counsel is **DENIED without prejudice.**

## II. Motion for Discovery Sanctions

On August 24, 2016, Petitioner filed a motion for discovery requesting several documents, including transcripts from his criminal proceedings. [Doc. No. 21]. On December 22, 2016 this Court found the requested transcripts were "relevant to Petitioner's claims and Respondent's argument, and may provide facts that could demonstrate Petitioner is entitled to habeas relief." Doc. No. 23. Accordingly, the transcripts Petitioner requested were ordered to be included in Respondent's lodgement. Id. As of February 22, 2017, Respondent lodged all requested transcripts with the Court. See Doc. Nos. 26, 30.[1]

On May 11, 2017, Petitioner filed yet another motion to produce the transcripts claiming he was forced to file his traverse without access to them. See Doc. No. 32. On May 22, 2017, the Honorable David H. Bartick, United States Magistrate Judge, granted Petitioner's request and ordered Respondent to provide Petitioner with a copy of the five transcripts ordered to be produced in this Court's December 22, 2016 order. See Doc. No. 33. On January 9, 2018, Petitioner filed an addendum to his objections to the Magistrate Judge's Report and Recommendation wherein he claims Respondent failed to provide him with copies of the required transcripts as directed by Judge Bartick. See Doc. No. 38. As of the filing of this motion, January 25, 2018, Petitioner maintains he has still yet to receive any of the ordered transcripts from Respondent. See Doc. No. 40.

---

[1] The transcripts requested by Petitioner are lodged with the following CM/ECF numbers: (1) Doc. No. 26–21; (2) Doc. No. 26–22; (3) Doc. No. 26–23; (4) Doc. No. 30 – 4; and (5) Doc. No. 26–24.

3

Based on the foregoing, Respondent is **ORDERED TO SHOW CAUSE**, filed in writing **no later than June 1, 2018**, as to why he should not be held in contempt for failure to comply with Judge Bartick's May 22, 2017 order. Petitioner's Motion for Sanctions is **DENIED without prejudice**.

**IT IS SO ORDERED.**

DATED: April 30, 2018

_____
JOHN A. HOUSTON
United States District Judge