UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMANUEL CHRISTIAN PRICE,<br><br>   Petitioner,<br><br>v.<br><br>SCOTT KERNAN,<br><br>   Respondent. | Case No.: 16cv00485 JAH-MSB<br><br>**ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE REPORT AND RECOMMENDATION; DENYING PETITIONER'S MOTION FOR DISCOVERY; GRANTING PETITIONER'S MOTION FOR JUDGMENT; AND DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL**<br>**[Doc. Nos. 34, 36, 38, 54, 58, 62, 68]** |

## INTRODUCTION

After pleading guilty to burglary, resisting an officer, possessing drugs in jail and corporal injury on a spouse, and admitting his prior convictions, Petitioner was sentenced to 31 years imprisonment. Lodg. No. 9, (Doc. No. 26-9); Lodg. No. 12 (Doc. No. Lodg. 26-12); Lodg. No. 13 (Doc. No. 26-13); No. 14 (Doc. No. 26-14), Lodg. No. 18 (Doc. No. 26-18). Petitioner did not file an appeal. Instead, he filed a petition for a writ of habeas with the California Supreme Court which the court summarily denied. Lodg. No. 19 (Doc. No. 26-189); Lodg. No. 20 (Doc. No. 26-20). Petitioner originally filed a writ of habeas

corpus under 28 U.S.C. section 2254 with the district court on February 22, 2016 and filed the instant First Amended Petition on March 18, 2016. *See* Amended Petition at 6 (Doc. No. 5). Defendant filed a motion to dismiss the amended petition which this Court denied. *See* Doc. Nos. 15, 23. Thereafter, Respondent filed an answer and Petitioner filed a traverse. The Honorable Louisa S Porter, United States Magistrate Judge, submitted a Report and Recommendation ("Report") to this Court recommending denial of the petition. *See* Doc. No. 34.

Petitioner filed objections, and an addendum to his objections. *See* Doc. Nos. 36, 38. On May 1, 2018, this Court issued an order directing Respondent to show cause why he should not be held in contempt of court for failing to comply with a court order directing Respondent to provide certain documents to Petitioner. *See* Doc. No. 44. In response, Respondent explained he did not receive the order directing the service of the documents prior to the order to show cause. *See* Doc. No. 49. Thereafter, Petitioner received the documents. The Court discharged the order to show cause and granted Petitioner the opportunity to file amended objections. *See* Doc. No. 52. On July 23, 2018, Petitioner filed amended objections. Doc. No. 54. Petitioner also filed a motion for discovery, a motion for judgment and two motions for appointment of counsel. *See* Doc. Nos. 58, 62, 66, 68. Respondent filed no objections or response to Petitioner's objections or motions.

For the reasons set forth below, this Court DENIES Petitioner's motion for discovery, GRANTS Petitioner's motion for judgment, OVERRULES Petitioner's objections, ADOPTS the Report, DENIES Petitioner's motions for counsel and DENIES Petitioner a certificate of appealability.

## DISCUSSION

**I. Motion for Discovery**

Petitioner seeks documents he believes will "further substantiate his claims," including: felony minutes dated June 24, 2014; any documentation dated June 27, 2014 "which involves Petitioner's original attorney Lainez substitution by Remiker on June 27, 2014 plea offer"; any documentation dated June 27, 2014 demonstrating Petitioner

consented to substitution; and any documentation dated June 27, 2014 that demonstrates Petitioner waived his right to counsel.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracey v. Gramley*, 520 U.S. 899, 904 (1997)). Rule 6(a) of the Rules Governing section 2254 Cases in the United States District Court provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a), 28 U.S.C. foll. § 2254. A court must provide "the necessary facilities and procedures for an adequate inquiry" when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracey*, 520 U.S. at 908 – 09; *see also Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).

Petitioner does not explain, in his motion for additional discovery, what he believes the requested evidence with show. In his "Motion for Judgement," in which he asks the Court to rule on his motion for additional discovery, he explains he "asks for discovery that further solidifies Petitioner's ineffective assistance of counsel claim" and believes his claim is established "even without the additional discovery." Motion at 1. Neither motion demonstrates the additional discovery is necessary or essential to fully develop the claim. The motion for judgment, which the Court accepts as seeking a ruling on the motion for discovery, is GRANTED. The Court finds Petitioner fails to establish the requisite good cause to support discovery and the motion for discovery is DENIED.

**II. Petition**

**A. Legal Standards**

**1. Scope of Review of Report and Recommendation**

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. section 636(b)(1). Under this statute, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and the district court is not required to conduct a de novo review of the magistrate judge's report and recommendation. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (stating that "de novo review of a R & R is only required when an objection is made"); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (holding that 28 U.S.C. section 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise").

**2. Scope of Review of Federal Habeas Petition Pursuant to 28 U.S.C. 2254**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court will not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the decision was: (1) contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. §2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002). That standard under AEDPA is difficult to meet and "demands that state court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotes omitted).

A federal court may grant habeas relief where the state court decides a case "contrary to" federal law by applying a rule different from the governing law set forth in Supreme Court cases or decides a case differently than the Supreme Court on a set of indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A court may also grant habeas relief where a state court decision is an unreasonable application of clearly established federal law, such as where the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies those decisions to the facts at issue. *Id*. at 407. The state court decision must be more than incorrect; to warrant habeas relief the state court's application of "clearly established federal law" must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75

(2003). "Objectively unreasonable" differs from "clear error" in that a federal court cannot grant relief only because it believes the state court erroneously applied clearly established federal law; rather, the application must be objectively unreasonable. *Id*. at 75-76 (internal citation omitted).

If a state supreme court silently denies a petitioner's appeal with a summary dismissal, the reviewing federal habeas court must review the last reasoned state court opinion in making a decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04, 806 (1991). Where the state courts supply no reasoned decision on the claims presented for review, a court must perform an "'independent review of the record' to ascertain whether the state court decision was objectively unreasonable." *Himes v. Thompson*, 336 F. 3d 848, 853 (9th Cir. 2003) (internal citations omitted).  A petitioner must still show "there was no reasonable basis for the state court to deny relief," when there is no reasoned decision. *Harrington v. Richter*, 562 U.S. 86, 98 (2011). "[A] habeas court must determine what arguments or theories supported or. . .could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court]." Id. at 102.

**B.  Statement of Facts**

Petitioner's conviction involved three different cases: (1) SCD249272, charging Petitioner with one count of burglary for entering an inhabited dwelling with the intent to commit theft on or about June 10, 2013 and one count of attempted burglary for attempting to enter an inhabited dwelling with the intent to commit theft on or about June 10, 2013; (2) SCD255402, charging Petitioner with one count of resisting an executive officer, one count of possession of a controlled substance/paraphernalia in jail/prison, and once count of battery on an officer and emergency personnel; and (3) SCE338346, charging Petitioner with one count of spousal rape, one count of corporal injury to spouse and/or roommate, and one count of disobeying a court order.  Lodgs. 2, 3, 8, 10 (Doc. Nos. 26-2, 26-3, 26-8, 10).  The information in SCD249272 noted two prison priors, one prior serious felony and

one prior strike. Lodg 2. The information in SCD255402 also noted one prison prior and one prior strike. Lodg. 3, Lodg. 10. The information in SCE338346 noted two prison priors, a first and second prior serious felony and two prior strikes. Lodg. 8.

In case SCD249272, an individual entered a home, traveled to the garage and was caught on video from the home next door. Reporter's Transcript 7:20-25 (Doc. No. 30-3). A probation officer believed the person on the video was Petitioner. *Id*. 7:27-28. Petitioner originally retained counsel but his retained attorney was later relieved and a public defender, Denis Lainez, was appointed on November 18, 2013 to represent Petitioner in the case. Lodg. 9 at 35, 36.

On February 28, 2014, while Petitioner was on bail in SCD249272, his wife called police and accused Petition of beating her. Lodg. 9 at 56, 52; Lodg. 26, Reporter's Transcript 60:12, 163:26, 170:17-20. While being booked into the San Diego Central Jail, Petitioner became uncooperative when a deputy sheriff spotted a clear plastic bag concealed in his buttocks which he placed it in his mouth and tried to swallow. Reporter's Transcript 5:5 – 7:13 (Doc. No. 26-27). He was forced to spit out the bag, which was later determined to contain marijuana, and he kicked a deputy as the deputy attempted to gain control of him. Reporter's transcript 7:16 – 9:1; 11:18 – 12:26. He was charged for these incidents in cases SCE338346 in which he appeared *pro per* and SCD255402 in which he was represented by Lainez.

On March 21, 2014, Petitioner made a motion for a *Marsden* hearing and motion to waive right to counsel and for self-representation in case SCD249272. Lodge 9 at 30. The court denied the motions. *Id*. A preliminary hearing was held in SCE338346 on April 23, 24, and 25, 2014. Lodgs. 25 (Doc. No. 26-250, 26 (Doc. No. 26-26), Lodg. 28 at 23, 24 (Doc. No. 26-28).

On June 26, 2014, during a hearing held in case SCE338346, Petitioner told the court Lainez told him there was an offer of 13 years for all three cases and he could wait to go to court to speak with the prosecutor about the offer. RT 2:8-16 (Doc. No. 26-22). The prosecutor informed the court she never made a global offer but said she would take

Petitioner's offer for 13 years for all cases to her supervisor. *Id*. 1:22-2:7; 3:18-23; 6:24-27; 7:8-13; 7:27-8:1; 11:18-20; 14:13-28; 15:18-16:7. The court set a hearing to discuss the status of the offer the next day. *Id*. 17:2-4. At the hearing on June 27, 2014, a prosecutor, who was filling in for the prosecutor on the case, made a global offer of 17 years and 8 months. RT 1:25-27 (Doc. No. 26-23). Petitioner rejected the offer. *Id*. 2:6-8.

Petitioner made another *Marsden* motion in SCD249272 and SCD255402 on September 16, 2014, which the court granted and appointed alternate public defender Matthew Mohun in place of Lainez. Lodg. 9 at 20, 21, Lodg. 10 at 19. On October 14, 2014, Petitioner waived his right to counsel and sought to represent himself in SCD249272 and SCD255402 which the court granted. Lodg. 9 at 18 (Doc. No. 26-9); Lodg. 10 at 20. On October 31, 2014, Petitioner's statutory motion to dismiss and motion for specific performance for a plea agreement was denied in SCE338346. Lodg. 28 at 12; RT 33:26-27 (Doc. No. 24).

On November 13, 2014, the court ordered that pending cases against Petitioner to be handled by the Downtown Central Division of the County of San Diego. Lodg. 10 at 48. Petitioner made a request to withdraw his *pro per* status in SCD249272 and SCD255402 on December 10, 2014, and the court appointed Alternate Public Defender Kirshenslager. Lodg. 9 at 11; Lodg. 10 at 11. On April 6, 2015, Petitioner pled guilty in SCD249272 and SCD255402. Lodg. 9 at 7–8; Lodg. 10 at 7. On April 30, 2015, Petitioner pled guilty in SCE338346 which noted a stipulation for 31 years to include cases SCD249272 and SCD255402. Lodg. 11, 13, 28 at 4-7. The court sentenced Petitioner to 31 years for all three cases on June 1, 2015. Lodg. 18. To correct the record, the court resentenced Petitioner to 31 years and indicated exact sentencing choices. Reporter's Transcript 2:18-19 (Doc. No. 26-14); Lodg. 15 (Doc. No. 26-15); Lodg. 16 (Doc. No. 26-16); Lodg. 17 (Doc. No. 26-17).

//
//

## C. Analysis

In seeking federal habeas relief, Petitioner asserts he was denied effective assistance of counsel (1) during plea negotiations and (2) for failing to properly investigate.

### 1. Plea Negotiations

In the petition, Petitioner asserts misinformation from counsel, the prosecution and court and other errors by counsel caused him prejudice at the plea bargain stage of the proceedings. Specifically, he contends retained counsel and appointed counsel told him the maximum sentence he would receive if he was found guilty at trial in SCD2459272 was 18 years and 5 years would be added for his one strike. He further contends he was repeatedly told the maximum penalty if found guilty in SCE 338346 was 25 years. Based on that information, he maintains he believed that he would receive a determinate sentence if convicted at trial for both cases.

Petitioner maintains Lainez relayed a 13-year global offer to him made by the prosecutor in SCE338346. Petitioner believed Lainez was securing an offer and he had conversations with his mother discussing the offer. When he appeared at a hearing in SCE338346, Petitioner mentioned the offer and the prosecutor denied ever making it, but, when asked by the judge if she would be willing to accept a global offer, she said she would and believed 13 years would work. At a hearing the next day, a substitute prosecutor made a 17-year offer and Petitioner rejected the offer and expressed confusion about what happened to the 13-year offer. He contends he rejected the offer because he thought he was looking at a determinate sentence and the 13-year offer, for no reason, was raised to 17 years.

Later, the prosecutor explained she was seeking to amend the information to allege a second strike and explained, if Petitioner was found guilty at trial, the maximum sentence he could receive was 25 years to life. Petitioner asked if there was an offer for a guilty plea and the prosecutor said no. Later, the prosecutor offered a global disposition for 31 years plus 10 years for the strike enhancements. He maintains he would have accepted the 17-year offer if he knew about the possible life sentence.

Respondent argues Petitioner should not be permitted to improve upon the terms of his bargain without describing the nature of the allegedly bad advice. Respondent maintains Petitioner knew or should have known that he had already been convicted of two prior-strike convictions and, as his own attorney, he knew or should have known that prosecutors in California have discretion to amend pending criminal charges. Respondent contends Petitioner may not be heard to complain about the quality of his own representation. Additionally, Respondent maintains Lainez and Mohun were likely aware of Petitioner's record. Respondent also argues a pre-plea increase in charges provides no basis for relief and there is no evidence that prosecutors extended a "global" offer that was less than seventeen years before June 27, 2014.

Petitioner argues, in his traverse, that Lainez failed to secure the 13-year plea deal for all three cases and no one advised him he was looking at a potential life sentence. He further argues the court and prosecutor had a duty to not misstate the law.

In the Report, Judge Porter determined any claim of ineffective assistance of counsel involving the failure to favorably resolve the spousal rape case fails because Petitioner was *pro per* in that case at all relevant times. Judge Porter reasoned that Lainez's discussions with the prosecutor regarding the spousal rape case were done as a courtesy to Petitioner. In addressing Petitioner's contention that Lainez was ineffective for failing to secure a 13-year offer for all three cases, Judge Porter found there was no evidence in the record, other than Petitioner's self-serving claims, that the prosecution ever offered him a 13-year sentence to resolve all three cases. Relying on *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), Judge Porter determined Petitioner did not establish deficient performance because he represented himself in the spousal rape case and there was no 13-year offer. Judge Porter further determined Petitioner failed to established prejudice because there was no reasonable probability that the end result would have been more favorable given that no 13-year offer was ever extended.

With regard to the 17-year, 8-month offer, Judge Porter determined Petitioner did not establish deficient performance or prejudice. Initially, Judge Porter found Petitioner

was representing himself when he attempted to resolve all three cases and, as such, he cannot establish deficient performance.  Judge Porter further determined Petitioner cannot establish prejudice because he rejected the 17-year offer.  Additionally, Judge Porter found Lainz knew about Petitioner's second strike and advised him from the beginning he was facing a potential life sentence and, therefore, he should resolve his cases before the prosecution discovered and charged him with the second strike. Thus, Judge Porter found, at the time he rejected the 17-year, 8-month global offer, Petitioner knew he had a second strike conviction that had not yet been alleged in either the burglary or spousal rape cases, the prosecution could amend to allege the second strike at any time and he was facing a possible life sentence on each case.  Despite Petitioner's knowledge of the second strike, he chose to take a risk and hold out for a better deal before the second strike was discovered by the prosecution.

Petitioner objects to the Report.  In his objections, Petitioner, for the first time, asserts he received ineffective assistance of counsel because Lainez was absent from the hearings discussing a global plea offer.   He provides arguments in support of this new claim in his addendum to the objections and his amended objections.  The Court has the discretion, but is not required, to consider the new claim.  *Brown v. Roe*, 279 F.3d 742, 744–45 (9th Cir. 2002).  By waiting until his objections to assert the new claim, Petitioner deprived California state courts, Respondent and Judge Porter the opportunity to address it.  Additionally, by failing to raise the claim in his state petition, the claim is unexhausted.  *See Gulbrandson v. Ryan*, 738 F.3d 976, 993 (9th Cir. 2013) ("[A] petitioner does not exhaust all possible claims stemming from a common set of facts merely by raising one specific claim.").  As such, the Court declines to consider Petitioner's newly raised claim.

Petitioner disagrees with Judge Porter's discussion of the facts.  Specifically, Petitioner disagrees with the Report's reliance on the prosecutor's statements as to how many and what offers were made to Petitioner, Lainez's statements as to what he relayed to Petitioner regarding plea offers and the possibility of indeterminate sentences and that he was acting *pro per* during plea negotiations.  The Report cites to specific items in the

record, including transcripts of proceedings in which the prosecutor and Lainez made the statements the court relies on in support of the findings. A review of the records supports Judge Porter's findings. *See* RT 1:22-2:7; 3:18-23; 6:24-27; 7:8-13; 7:27-8:1; 11:18-20; 14:13-28; 15:18-16:7 (Doc. No. 26-22); RT 14:1-6 (Doc. No. 26-25); RT 12:5-13:28; 14:26-15:26; 18:15-19; 19:12-20 (Doc. No. 30-4).

Petitioner also contends Lainez's performance was adjudicated deficient when he was substituted following the *Marsden* hearing on September 16, 2014. However, the transcript of the proceedings clearly shows the court substituted Lainez due to an irreconcilable conflict and a breakdown in the ability to communicate such that it may result in ineffective representation. RT 22:14-17; 22:24-27 (Doc. No. 30-4). There was no finding that Lainez was ineffective.

This Court agrees with Judge Porter's finding that Petitioner fails to establish deficient performance or prejudice to support his ineffective assistance of counsel claim for conduct during plea negotiations. Therefore, the Court agrees the state court's denial of the claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law. Petitioner's objections are OVERRULED and the Court ADOPTS Judge Porter's recommendation to deny this claim.

**2. Investigation**

Petitioner contends he received ineffective assistance of counsel when his attorney, Tom Carnessale, failed to conduct a sufficient investigation and for withholding of Brady material by the prosecution in case SCE338346.[1] Petitioner challenges his counsel's refusal to address that the victim was under the influence of alcohol and drugs during the incident and that she had a criminal record and refusal to use evidence to show the victim's allegations of sexual assault were false at the preliminary hearing and failure to investigate the information. Petitioner maintains the victim's medical information included a

---

[1] Carnessale represented Petitioner in SCE338346 prior to the preliminary hearing. *See* RT 2:9-25

statement by AMR medic Alex Peltier who said the victim denied sexual assault when asked. He maintains exculpatory evidence was not turned over prior to the preliminary hearing that he believes would have defeated the charge.

Respondent argues the assertions regarding pretrial matters were not unreasonably rejected by the California Supreme Court because Petitioner pleaded guilty and completely avoided a trial during which he may have benefitted from further investigation and the opportunity to cross-examine witnesses.

In the Report, Judge Porter determined Petitioner failed to establish prejudice under *Strickland* because he did not show how any further investigation would have changed the outcome of his case. While Petitioner notes Carnessale told him he did not have any evidence to support his contention that the victim was drunk or under the influence of drugs at the time of the assault, Judge Porter found Petitioner provides no further information to support the truth of the allegation or what further investigation would have revealed, or how such investigation would have affected the outcome of his case. As to Petitioner's contention that counsel should have investigated whether the victim had a prior conviction, Judge Porter found Petitioner provided evidence the victim had a juvenile "true" finding for vehicle theft in 1999 but, even if counsel had investigated and presented evidence of the victim's juvenile conviction at the preliminary hearing, there is no likelihood the outcome of his case would have been different. Judge Porter reasoned that, at the preliminary hearing, the prosecution was only required to establish probable cause that a crime has been committed and it was committed by the defendant, and given the victim's compelling and detailed testimony about the assault, there is no reasonable probability the judge's decision to bind Price over for trial on all charges would have changed even if counsel had introduced evidence of her 15-year-old prior juvenile conviction.

Judge Porter further found that contrary to Petitioner's claim, the issue of the victim's statement to medical personnel was addressed at the preliminary hearing. The victim testified she did not tell emergency or medical personnel she had been sexually assaulted because she did not understand the definition of spousal rape under the California

Penal Code. Judge Porter determined Petitioner does not establish what further investigation counsel could have accomplished and how any investigation would have affected the outcome of his case as required by *Strickland*. Petitioner does not object to these findings or conclusions.

This Court agrees that Petitioner fails to establish deficient performance and prejudice to support this claim. Therefore, the states court's denial of the claim was neither contrary to, nor an unreasonable application of clearly established Supreme Court law.

### III. Motions for Counsel

Petitioner moves for appointment of counsel based upon a likelihood of success on the merits. Because the Court denies the petition, the motions for counsel are denied.

### IV. Evidentiary Hearing

Petitioner contends, in his objections, an evidentiary hearing is required because the facts are in dispute. The Court finds Petitioner is not entitled to an evidentiary hearing. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).

### V. Certificate of Appealability

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, a district court now "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); *see also United States v. Asrar*, 116 F.3d 1268, 1269–70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, petitioner must show: (1) the issues are debatable among jurists of reason, (2) a court could resolve the issues in a different manner, or (3) the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000); *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

The Court finds no issues are debatable among jurists of reason. This Court further finds no issues could be resolved in a different manner. Lastly, this Court finds no questions are adequate to deserve encouragement to proceed further. Accordingly, this Court DENIES Petitioner a certificate of appealability.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion for discovery (Doc. No. 58) is **DENIED**.
2. Petitioner's motion for judgment (Doc. No. 62) is **GRANTED**.
3. Petitioner's objections to the Magistrate Judge's report and recommendation are **OVERRULED.**
4. The Magistrate Judge's report and recommendation is **ADOPTED.**
5. The petition is **DENIED** in its entirety.
6. Petitioner's motions for counsel (Doc. Nos. 66, 68) are **DENIED**.
7. Petitioner is **DENIED** a certificate of appealability

DATED: September 27, 2021

_____
JOHN A. HOUSTON
United States District Judge